IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRENT J. MURPHY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. |
| THE PAUL REVERE LIFE | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

### I. JURISDICTION AND PARTIES

1.

This suit is brought under state law claims under an insurance policy issued to a current resident of Georgia.

2.

Jurisdiction is proper due to diversity of the parties and the amount in controversy.

3.

Venue is proper due to the fact that Plaintiff Brent J. Murphy (hereinafter "Plaintiff") is a citizen of the State of Georgia.

4.

Defendant The Paul Revere Life Insurance Company (hereinafter "Defendant") is a foreign corporation doing business for profit in Georgia. Defendant may be served with process, by and through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Ben Hill, Norcross, GA 30092.

## II. STATEMENT OF FACTS

5.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 4 stated above.

6.

Defendant contracted with Plaintiff to provide individual disability income insurance benefits to Plaintiff, who was responsible for paying premiums.

7.

Plaintiff was insured under Defendant's policy numbered 01025688990.

8.

Plaintiff received disability payments until July 2013.

9.

On July 22, 2013, Defendant through its agent Unum stated that no more payments would be made under the policy due to Plaintiff having reached his 65th

birthday on July 11, 2012.

10.

Under the terms of the policy disability payments due to sickness terminate at 65, while disability payments due to injury continue for life.

11.

On December 9, 2013, Plaintiff wrote Defendant a letter explaining that his disability was due to an injury caused by an accident.

12.

On April 24, 2014, Defendant upheld its termination of benefits via letter claiming that Plaintiff's problems were degenerative and thus due to a sickness not an injury.

13.

On June 18, 2014, Plaintiff sent a certified letter citing O.C.G.A. §33-4-6 and demanding payment.

14.

Attached to that letter were doctor's statements agreeing that Plaintiff had an injury which he incurred well before his 65th birthday and which disabled him.

15.

Also attached were medical records.

16.

On July 14, 2014, Defendant responded by stating again that Plaintiff's problems were degenerative and not related to an injury.

17.

As a direct result of the actions of the Defendant, Plaintiff has been denied disability benefits to which he is entitled under the policy.

18.

Defendant's actions in ignoring substantial evidence, relying on biased evidence, delaying the claim unreasonably and failing to properly investigate the claim resulted in immoral and unscrupulous injury to the Plaintiff as a consumer of Defendant's products.

### III. CLAIM FOR RELIEF

### COUNT ONE

### BREACH OF CONTRACT

19.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18 stated above.

20.

Defendant's refusals are a breach of the terms of Defendant's policy for which Plaintiff had paid premiums. Plaintiff is entitled to these benefits under Defendant's policy for the following reasons:

a. These benefits are permitted under the policy;

b. Plaintiff has satisfied all conditions for eligibility for receipt of these benefits; and

c. Plaintiff has not waived or otherwise relinquished his entitlement to these benefits.

21.

Defendant has refused to pay disability benefits despite substantial documentation.

22.

As a result of Defendant's failure to pay benefits to Plaintiff, Plaintiff is entitled to relief as outlined below.

## COUNT TWO

## BAD FAITH

23.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 22 stated above.

24.

Defendant's refusals to pay long term disability benefits to Plaintiff despite overwhelming evidence constitute bad faith pursuant to O.C.G.A. § 33-4-6.

25.

As a result of Defendant's actions, Plaintiff engaged the services of Rogers, Hofrichter & Karrh, LLC., and has agreed to pay legal fees and expenses.

### IV. RELIEF REQUESTED

WHEREFORE, Plaintiff demands a jury trial and requests judgment against Defendant as follows:

(1) Find and hold Defendant owes Plaintiff total disability benefits in accordance with the terms of Defendant's policy, plus the maximum interest allowable under Georgia law on all back benefits;

(2) Find and hold Defendant has acted in bad faith and that Plaintiff is entitled to the maximum additur allowable by law on all past and future benefits to which he is entitled;

(3) Award Plaintiff's attorney's fees, including litigation expenses, and the costs of this action;

(4) Refund Plaintiff for all premiums paid during any period of time for which

he is found to be disabled per the policies;

(5) Enjoin Defendant from any further prohibited acts against Plaintiff; and

(6) Grant other and further relief as may be just and proper.

This 6th day of July, 2015.

*Heather N. Karrh*
HEATHER K. KARRH
Georgia State Bar No. 408379
MICHAEL J. HOFRICHTER
Ga. State Bar No. 359841
Attorneys for Plaintiff

ROGERS, HOFRICHTER & KARRH, LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770) 460-1118

ATTORNEYS FOR PLAINTIFF